## TIMOTHY C. SMITH *v.* ERASTUS MEECH.

*Action of Account. Landlord and Tenant. Contract.*

Where one rents a farm, and by the terms of the contract the landlord stocks the same, and the tenant is to have one half the growth of the cattle and one half of the wool produced from the sheep, *it was held*, that while the tenancy is still subsisting and a portion of the time of the lease unexpired, the tenant cannot be regarded as having acquired any such perfected interest in the property, as will be liable to be levied upon and sold, by his creditors. *Smith* v. *Niles*, 20 Vt. 315.

In contracts of this kind, the right of the tenant does not become perfected, until his part of the contract is performed.

ACTION OF ACCOUNT, in which the plaintiff claims to recover an undivided interest in some cattle and sheep, which interest had been attached and sold at a sheriff's sale upon an attachment against one Edward A. Barney, who was a tenant on defendant's farm.

The defendant pleaded 1st. That he never was nor is bailiff or receiver of the property in question. 2d. That the plaintiff never did require or request him to render an account &c. Issue joined and trial by jury.

On the trial the plaintiff offered evidence tending to prove, that in the Spring of 1846, the defendant leased, by parol, to one Edward A. Barney a farm in Hinesburgh, for the term of five years, (unless said Meech should sell the farm before the expiration of said term,) and that it was agreed between the defendant and said Barney, as a part of the contract in leasing the farm, that defendant should stock the farm, by putting on cattle and sheep; and that said Barney should have one half the growth of said stock, and one half of the wool produced by said sheep ; and that the cattle and sheep mentioned in the officer's return, on a certain execution against said Barney which was put into the case, were a part of the stock so put on to the farm by the defendant.

The plaintiff then introduced a writ of attachment against the said Barney, the officer's return thereon, a record of the judgment thereon, and execution and officer's return, copies of which were put into the case, by which it appeared that the interest of the said Barney in the cattle and sheep in question was attached and sold. The plaintiff also offered evidence tending to prove, that the same was sold by the written consent of the parties to that suit, as set forth in the officer's return. The plaintiff claimed, that by virtue of such sale by the officer, he became a joint owner with the defendant of such cattle and sheep, and could maintain this action.

The court,—PIERPOINT, J., presiding,—decided that the plaintiff did not, by virtue of such sale, acquire such an interest in said cattle and sheep, as entitled him to commence and sustain this action, and directed a verdict for the defendant.

Exceptions by plaintiff.

*P. C. Tucker* for plaintiff.

1. The plaintiff contends, that the interest acquired by Barney in the stock upon the farm, which he leased of the defendant was the interest of a joint owner, or tenant in common, and one which could be attached by his creditors. Landlords and tenants are holden to be tenants in common. *Hurd* v. *Darling et al.*, 14 Vt. 214. *Frost* v. *Kellogg*, 23 Vt. 308.

2. That said interest, being legally attached, was legally sold by the officer. Comp. Stat. 245 § 27 and 246 § 32.

3. That the purchaser of said interest, at said sale, acquired by said purchase a legal title thereto, and that by virtue of said title, he became by operation of law, a joint owner or tenant in common of said personal property with the defendant in the present action. 1 Swift's Digest 170.

4. That the action of account can be sustained, and is the appropriate action to recover such interest when withheld by the joint owner or tenant in common. Comp. Stat. 289 § 1.

*E. J. Phelps* for defendant.

1. Barney had no attachable interest in the property.

His contract was executory and unperformed. Till performed, he had a mere prospective interest, to be acquired only by the successful fulfillment of his contract, and liable to be defeated by many contingencies.

He was in no sense a tenant in common, at the time of this attachment. *Bishop* v. *Doty*, 1 Vt. 37. *Hurd* v. *Darling et al.*, 14 Vt. 214. *Frost* v. *Kellogg*, 23 Vt. 309, and cases there cited.

2. Even if Barney had a property in the cattle, the contract required that they should be kept on the farm till the expiration of the lease. They could not therefore be previously attached by his creditors. *Smith* v. *Niles*, 20 Vt. 315.

3. If Barney's interest was attachable, it should have been specifically described in the attachment, sale, and returns. This defect cannot be supplied by parol.

4. In no event can this action be maintained.

It is absurd to say, that a creditor of Barney can by attachment constitute himself a party to a contract between Barney and Meech, and proceed to enforce it in this manner.

And if not a party to the contract, he acquired no interest in

the cattle. Because the extent of Barney's right is his privilege under the contract.

If the debtor had an attachable interest, and it was properly attached and sold, the purchaser must receive his property from the officer. He certainly cannot purchase a right to maintain this action. *Burroughs* v. *Wright et al.*, 10 Vt. 510.

The opinion of the court was delivered by

REDFIELD, CH. J. I. It certainly does not appear, by the present bill of exceptions, that the plaintiff offered testimony tending to show that the tenancy of Barney, which was for five years, defeasible upon defendant's sale of the premises, had in any manner terminated. And we certainly could not presume a substantive fact of such controling importance, against the judgment of the court below. The tenancy must then be regarded as still subsisting and three years of it yet unexpired. In this state of the case, upon the principle of the case of *Smith* v. *Niles*, 20 Vt. 315, we could not regard Barney as having any such perfected interest in the property, as was liable to be levied upon and sold by his creditors. It was at most an inchoate interest, which rested merely in contract, and was to a great extent executory. In contracts of this kind it has often been held of late, that upon general principles, the right of the tenant does not become perfect until his part of the contract is performed. That was so ruled in Chittenden County, at the last term in *Briggs* v. *Bennett*, and a number of other cases, depending upon similar principles in conformity with a decision of the Mass. Courts, 24 Pick. A sheriff cannot ordinarily levy upon personal property so situated, that it is impracticable to deliver the thing to the purchaser, at his sale. And it is not claimed, that this case as here stated, and we know nothing else of it, presents such a right, i. e. to deliver the property on sale.

II. It becomes unimportant to consider the general question of the right to sustain account between these parties, which seems certainly difficult, even upon the plaintiff's theory of his rights acquired by the sheriff's sale. But as we hold he acquired nothing by that sale, the action must fail of course.

Judgment affirmed.